[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 9, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-15855

_____

D. C. Docket No. 99-00241-CV-AAA-1

G. CRAIG BAYNHAM, on behalf of themselves and
all other persons similarly situated,
LINNIE BAYNHAM,
JERRY M. TUCKER,
ANN HELM, on behalf of themselves and all other
persons similarly situated,

Plaintiffs-Appellees,

versus

PMI MORTGAGE INSURANCE COMPANY,

Defendant,

ELIZABETH F. SAVAGE,
ERNEST H. KELLEY,
DEBRA J. KELLEY,

Movants-Appellants,

ELVIS GATES,
MELISSA GATES,

Interested-Parties.

Appeal from the United States District Court
for the Southern District of Georgia

———————————————————
**(December 9, 2002)**

Before BLACK and MARCUS, Circuit Judges, and UNGARO-BENAGES[*],
District Judge.

MARCUS, Circuit Judge:

This is one in a series of three companion class actions that have been filed against mortgage insurance companies pursuant to the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2607(a). The other two are captioned: Pedraza v. United Guaranty Corp., 01-15854 and Downey v. Mortgage Guaranty Ins. Corp., 01-15857. The ultimate question in each of these appeals is whether the district court properly required the appellant(s) to post an appellate cost bond that included the plaintiff-class's anticipated attorneys' fees.

In Pedraza, we held that a cost bond issued pursuant to Fed. R. App. P. 7 ("Rule 7") may properly include anticipated attorneys' fees if the statutory fee shifting provision that attends the plaintiff's underlying cause of action defines "costs" to include such fees. However, RESPA's fee shifting provision, §

---

[*]Honorable Ursula Ungaro-Benages, United States District Judge for the Southern District of Florida, sitting by designation.

2607(d)(5), explicitly distinguishes "costs" from attorneys' fees, and thus Rule 7 "costs" do not include attorneys' fees where RESPA claims are concerned. We also held in Pedraza that the district court had not found that the appellant, Joshua O. Olorunnisomo, had advanced his claims on appeal "in bad faith, vexatiously, wantonly, or for oppressive reasons," Chambers v. NASCO, Inc., 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991), and that accordingly the district court could not validly have included estimated attorneys' fees in the appellate cost bond pursuant to its inherent power to manage its affairs. Because the district court's actions in Pedraza were permissible under neither Rule 7 nor its inherent power, it erred by including attorneys' fees within the bond.

Although the facts presented in this appeal differ somewhat from those at issue in Pedraza, the legal questions and result are identical. As in Pedraza, the Baynham class reached with defendant PMI Mortgage Insurance Company ("PMI") a proposed settlement that entitled class members to submit objections until April 24, 2001. On April 23, 2001, appellant Elizabeth F. Savage filed a timely objection to the settlement and a motion to intervene. The crux of her objection was that within the class a Texas subclass, i.e., a subclass comprised of Texas residents, should be created, and that she and her counsel (her husband) should be appointed representatives of this class. She asserted that Texas law was

3

in several respects more conducive to the success of the class's RESPA claims than was the law of Georgia, and that it was unfair to require that the claims of class members residing in Texas be governed by those less advantageous provisions.

The following day, appellants Ernest and Debra Kelley ("the Kelleys")[1] filed a timely objection to the settlement.[2]  Their objection differed from that raised by Savage in that whereas Savage contended that a Texas subclass should be created, the Kelleys asserted simply that the terms of the proposed settlement were unreasonable and unfair.  In fact, according to the class, the Kelleys specifically acknowledged the existence of substantive parallels between the law of Georgia and Alabama, where they resided.  Subsequently, on June 6, 2001, the Kelleys filed an untimely motion to intervene.[3]  They simultaneously served a proposed complaint in intervention, in which they requested for the first time the creation of a separate Alabama subclass and that they be appointed the named representatives of this subclass.

---

[1]The Kelleys are a married couple, and are parties to the same loan. Accordingly, they are considered a single objector.

[2]This objection actually was filed jointly with Michael B. and Robin H. Hopkins ("the Hopkinses"), who attempted to intervene in <u>Downey</u>.

[3]This motion also was filed jointly with the Hopkinses.

On June 8, 2001, the district court held a hearing on appellants' motions, and denied the Kelleys' intervention motion on timeliness grounds. The court also denied Savage's request to intervene on the ground that she could adequately protect her interests by opting out of the class, and simultaneously extended her time to opt out until June 15, 2001. On this latter date, the district court held its fairness hearing, at which Savage and the Kelleys were permitted to repeat their arguments in favor of the creation of Texas and Alabama subclasses. The district court considered and rejected these contentions, and approved the settlement with only one minor change, namely that 20% of the attorneys' fees were to be withheld pending distribution of the settlement proceeds to the class. As a corollary of its approval of the settlement, the court vacated its previous summary judgment order.

On July 6, 2001, Savage filed both a Rule 59 motion for reconsideration -- in which the Kelleys later sought to join -- and a notice of appeal of the orders approving the settlement and denying her request to intervene.[4] She asserted in her reconsideration motion that our then recent holding in Wooden v. Bd. of Regents, 247 F.3d 1262 (11th Cir. 2001), established that the district court's certification of the class constituted error. However, on September 19, 2001 the district court

_____

[4]The Kelleys filed with the Hopkinses a joint notice of appeal.

denied her motion for lack of standing, and Savage amended her notice of appeal to encompass the September 19, 2001 order as well.

While Savage's motion for reconsideration was pending, the class moved to require all objectors and would-be intervenors who had filed notices of appeal to post bonds for attorneys' fees, damages, costs and interest that would be lost on appeal. Although both Savage and the Kelleys opposed the inclusion of attorneys' fees in the requested bond, appellants did not contest the amount of the bond sought by the class. The district court determined that attorneys' fees were properly bondable under Fed. R. App. P. 7, and in support of this conclusion it cited the holding of the United States Court of Appeals for the Second Circuit in Adsani v. Miller, 139 F.3d 67, 71-76 (2d Cir.), cert. denied 525 U.S. 875, 119 S. Ct. 176, 142 L. Ed. 2d 144 (1998). See Baynham v. PMI Mortgage Ins. Co., No. CIV.199-241, slip op. at 6 (S.D. Ga. Oct. 1, 2001) (reasoning that Adsani's approach to Rule 7 "best comports with the 'American Rule'" that absent exceptional circumstances each litigant bears responsibility for its own attorneys' fees). The district court also indicated that it could include attorneys' fees in an appellate cost bond pursuant to its inherent power to manage its affairs. See id. at 4.

Ultimately, the district court granted the class's motion in part and denied it in part,[5] and held six objectors,[6] who had manifested an intent to appeal, jointly and severally responsible for posting a $180,000 bond (representing an assessment of $30,000 per likely appellant). This bond encompassed both filing fees and copying costs, but also -- and more significantly from the perspective of this litigation -- approximately $29,000 per appellant in anticipated attorneys' fees. See id. at 12.

On October 1, 2001, Savage filed a notice of appeal from the district court's bond order, and the Kelleys followed suit on October 13, 2001. It is these appeals that presently are before us. Appellants' grounds for challenging the order are identical to those on which the Pedraza class relied in contesting the bond in that action.

As we explained in Pedraza, although a Rule 7 cost bond can properly include anticipated appellate attorneys' fees where the statutory fee shifting provision that attends the plaintiff's underlying cause of action defines "costs" to

---

[5]The court granted the requested bond except insofar as the class sought compensation for the interest it would lose while the case was on appeal. It reasoned that plaintiffs were not entitled to any compensation until the conclusion of all appeals, so they were not losing any interest to which they were otherwise entitled as a consequence of any appeal. See Baynham, slip op. at 13-14.

[6]This figure includes three objectors in Baynham, two in Pedraza and one in Downey.

include such fees, RESPA's fee shifting provision, § 2607(d)(5), explicitly distinguishes attorneys' fees from "costs." The import of this distinction, which we discussed at length in Pedraza, is in no way affected by the relatively minor factual variances between that case and this one; both feature § 2607 as the operative cause of action. Accordingly, just as the district court could not properly have required Olorunnisomo to post a Rule 7 cost bond that encompassed estimated attorneys' fees, it could not validly have imposed such a requirement on Savage or the Kelleys.

Nor do the factual distinctions between these appeals affect the propriety of the district court's invocation of its inherent power to manage its affairs as a basis for the inclusion of attorneys' fees within the appellate cost bond. Neither Savage nor the Kelleys have benefitted from the actions of the Baynhams, Tucker or Helms any more than Olorunnisomo did from the actions of Pedraza, and accordingly the "common fund exception" is inapplicable here. We also note that there is no allegation that appellants willfully disobeyed a court order. Moreover, the court's determination that Savage's claims on appeal were "without merit" was no more analogous to a finding that she acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," Chambers, 501 U.S. at 45-46, 111 S. Ct. at 2133, than was its finding that Olorunnisomo's -- and, indeed, the Kelleys' -- claims were

8

"without foundation." Thus, as we held in <u>Pedraza</u>, although the district court could have required appellants to include attorneys' fees in an appellate bond pursuant to its inherent power to manage its affairs, it did not make the requisite factual findings in this case that would have permitted it to do so.

In sum, although the district court was free to require Savage and the Kelleys to post an appellate cost bond, it was improper to include anticipated attorneys' fees within such a bond.[7] Accordingly, we vacate the court's order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[7]Given this holding, it is unnecessary for us to address any of appellants' various other arguments.